NUGENT v. O'CONNOR.

(Supreme Court, Appellate Term. April 10, 1907.)

CONTRACTS—ACTIONS FOR BREACH—SUFFICIENCY OF EVIDENCE.

In an action on a contract to keep defendant's mercantile books, evidence examined, and *held* insufficient to show that the plaintiff was to open and write up defendant's books for an indefinite period at a monthly compensation.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Thomas J. Nugent against Bartholomew M. O'Connor. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Daniel G. Brennan (James A. Delehanty, of counsel), for appellant. Nicholas Schloeder, for respondent.

GILDERSLEEVE, P. J. An examination of the record herein leads us to the conclusion that the judgment should be reversed. It was determined upon a question of fact only; the plaintiff having

the affirmative of the issue, and being bound thereby to furnish a preponderance of evidence. He was the only witness sworn in his own behalf, and was squarely and positively contradicted by the defendant. The question at issue was whether the plaintiff had a contract with the defendant to open a set of mercantile books, for which he was to receive the sum of $50· and to thereafter write them up, for an indefinite period, at a monthly fee of $12.50, or whether, as claimed by the defendant, the plaintiff was to open the defendant's set of books and give him three trial balances, or quarterly statements, for a lump sum of $87.50, for which plaintiff admitted he had received on account two checks of $25 each, leaving a balance admitted to be due the plaintiff of $37.50, but which was more than equaled by a loan of $40 made to plaintiff by defendant, which loan is not substantially disputed. If it was a mere conflict of evidence between two parties, with no corroborative testimony, the judgment should undoubtedly be affirmed. There is testimony, however, in the record, which tends strongly to support the defendant's contention, and which was apparently disregarded by the court below.

The plaintiff testified that he wrote up the defendant's books for a period of six months, earning in all $125, of which he received $90, leaving a balance claimed by him of $37.50, for which he had judgment. He also testified that the first time he wrote up the books was "some time in March, April, or May, starting around June, some time around May or June, 1905," and the second time "within three months thereafter," and that he wrote them up twice in periods of three months each. This testimony supports the defendant's position, which was that the plaintiff was to open the books and give three quarterly statements thereafter. The books were offered in evidence, and show that they were opened in March, 1905. At the end of September they were written up, and the balance entered under date of October 1st. Again in December they were written up, and the balance entered under date of January 1, 1906; and three months later were again written up and balanced under date of March 1, 1906. The books completely refute the statement of the plaintiff that he opened the books and did six months' work on them, ending in October, 1905, as he made two balances therein after that date; the last one being in March, 1906.

Another circumstance casting some doubt upon the plaintiff's testimony is that in May, 1905, he received a check for $25 from defendant, which he says was defendant's first payment on account. At this time there was due him from defendant, according to his claim, the sum of $75; but it is admitted by him that in November he borrowed of the defendant the sum of $40, and deposited with him his (plaintiff's) own check to cover the amount, asking the defendant to hold it until he could take it up. Why the plaintiff should borrow money of the defendant, if at the time such loan was made the defendant was indebted to the plaintiff, is not made clear. The asking for a loan by the plaintiff at a time when defendant was indebted to him is inconsistent with his previous statement that the reason the plaintiff did not ask in May for the total amount claimed by him to be due was that "he could demand what was due at any time." The testimony of the

defendant was clear, consistent, and supported by the documentary evidence offered, and the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.